IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND LEE GRAY, | No. C 06-0935 MMC (PR) |
| Petitioner, | **ORDER OF PARTIAL DISMISSAL AND TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| M. EVANS, | |
| Respondent. | (Docket No. 3) |

On February 13, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has applied for leave to proceed in forma pauperis.

**BACKGROUND**

In 2002, petitioner was sentenced to a term of 215 years in state prison following his conviction by a jury of numerous sex offenses. The California Court of Appeal affirmed and the California Supreme Court denied the petition for review.

**DISCUSSION**

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an

order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.   Legal Claims

Petitioner claims that: (1) the admission of evidence of his prior sexual misconduct pursuant to California Evidence Code § 1108 violated his constitutional rights; (2) the admission of his prior sexual misconduct was error under state law; (3) the use of CALJIC 2.50.01 violated petitioner's constitutional right to due process; and (4) his sentence violates his constitutional right to be free from cruel and unusual punishment.

Petitioner's second claim is subject to dismissal, as violations of state law do not state a cognizable claim for purposes of federal habeas relief.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Petitioner's remaining claims, liberally construed, are cognizable.

**CONCLUSION**

In light of the foregoing, the Court orders as follows:

1.   Petitioner's second claim for relief is DISMISSED for failure to state a cognizable claim for relief.

2.   The Clerk of the Court shall serve by certified mail a copy of this order and the petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

3.   Respondent shall file with the Court and serve on petitioner, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's three cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been

transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within 60 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of the filing of the motion, and respondent shall file with the Court and serve on petitioner a reply within 15 days of the filing of any opposition.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline which they seek to extend.

8. In light of petitioner's lack of funds, the application to proceed in forma pauperis is GRANTED.

This order terminates Docket No. 3.

IT IS SO ORDERED.

DATED: June 5, 2006

_____
MAXINE M. CHESNEY
United States District Judge