IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND LEE GRAY,<br><br>    Petitioner,<br><br>  v.<br><br>M. EVANS,<br><br>    Respondent.<br>_____ | No. C 06-0935 MMC (PR)<br><br>**ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL; DENYING RESPONDENT'S MOTION TO DISMISS AND FOR EXTENSION OF TIME; DIRECTIONS TO CLERK**<br><br>(Docket Nos. 14, 16, 17) |

    On February 13, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 5, 2006, the Court dismissed one of the claims for failure to state a cognizable claim for relief, and ordered respondent to show cause why the petition should not be granted based on the remaining three cognizable claims. On November 14, 2006, respondent filed a motion to dismiss the petition as untimely; on March 13, 2007, petitioner, in a single document, filed (1) an opposition to respondent's motion and (2) a motion to withdraw the petition to allow him to exhaust new claims in the state courts.

    Rule 41 of the Federal Rules of Civil Procedure grants a party bringing an action the absolute right to dismiss such action by filing a notice of dismissal "at any time before service by the adverse party of an answer or of a motion for summary judgment." See Fed. R. Civ. P. 41(a)(1)(i). Here, respondent has filed a motion to dismiss, but not an answer or a motion for summary judgment. Moreover, there is no basis for a finding of prejudice to

respondent from such dismissal; although such dismissal is without prejudice to petitioner's filing a new petition in the future, any untimeliness arguments would, at a minimum, be applicable equally to a new petition filed by petitioner at such later date.

Accordingly, petitioner's motion for voluntary dismissal of the above-titled action is hereby GRANTED and said action is hereby DISMISSED without prejudice to petitioner's filing a new habeas corpus action in federal court after all available state remedies have been exhausted with respect to all of the claims petitioner wishes to include in his petition.

Respondent's motion to dismiss and motion for an extension of time in which to file a reply are hereby DENIED as moot in light of the dismissal on plaintiff's motion.

This order terminates Docket Nos. 14, 16, and 17.

The Clerk shall close the file.

Additionally, the Clerk shall mail to counsel for respondent, along with a copy of this Order, a copy of petitioner's Opposition, filed March 13, 2007 (Docket No. 16), which respondent's counsel attests was not served on respondent by petitioner.

IT IS SO ORDERED.

DATED: April 10, 2007

_____
MAXINE M. CHESNEY
United States District Judge